MARY FERLAZZO, Appellant, v. PETER RILEY, CENTRAL TOY & NOVELTY STORE, FREDERICK R. GREENE and DAISY DEROUVILLE, Respondents.— Appeal from an order of the Rensselaer Special Term entered in Albany county on March

22, 1937, dismissing the complaint in foreclosure as premature, canceling the *lis pendens* and discharging the receiver appointed in the action. Plaintiff had inaugurated the practice of giving defendant notice by mail that the interest day was approaching, but omitted a corresponding notice in September, 1937. The defendant in good faith mailed the interest due on the latter date five days after the time specified in the mortgage, he having forgotten the exact day. At that time no demand or notice of election had been made or given by the plaintiff relative to the payment of the interest, and no proceeding of any kind had been taken by the plaintiff to foreclose the mortgage. The plaintiff refused to accept the interest and returned the check, and the amount was thereupon paid into court. Upon the showing made, coupled with the facts that the plaintiff's interests were not jeopardized and that those of the defendant were threatened with evident hardship, apart from statute or rule, a sufficient basis was presented to evoke the inherent equity power of the court. Order affirmed, with costs. McNamee, Crapser and Heffernan, JJ., concur; Hill, P. J., and Bliss, J., dissent, and vote to reverse, on the following grounds: No answer has been served, and rule 113 of the Rules of Civil Practice does not apply. The complaint has been dismissed under subdivision 5 of rule 106 " that the complaint does not state facts sufficient to constitute a cause of action." If the extraneous facts presented in this record be true a court of equity upon a trial may have power to relieve the defendant. Such question is not presented on this motion.